IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

QUINCY O'NEAL GREEN,           )
                               )
          Petitioner,          )
                               )
v.                             )     Civil Action No. 2:10cv149-WKW
                               )               (WO)
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )

**O R D E R**

On or around February 16, 2010, the *pro se* petitioner, Quincy O'Neal Green ("Green"), filed what he purports to be a "Writ of Error *Audita Querela*[,] Title 28 U.S.C. § 1651," which contains a heading stating "This Is Not a Motion Pursuant to Title 28 U.S.C. § 2255." (Doc. No. 1.)  In this pleading, Green alleges, among other things, that his sentence for uttering counterfeit currency was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005), and that consequently he is entitled to be resentenced.  In addition, Green suggests that the sentence imposed by the district court violated the terms of the plea agreement in his case.

A writ of *audita querela* may not be granted when relief is cognizable under 28 U.S.C. § 2255.  *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).  The law is well settled that 28 U.S.C. § 2255 affords the exclusive remedy for challenging a conviction and sentence, unless the remedy is inadequate or ineffective.  See *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane*

*v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, notwithstanding O'Neal's statement that his pleading "Is Not a Motion Pursuant to Title 28 U.S.C. § 2255," the claims O'Neal seeks to advance may properly be presented only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Accordingly, **this court concludes that O'Neal's instant pleading should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.**

In light of the foregoing, and in compliance with the requirements of *Castro v. United States*, 540 U.S. 375, 382-83 (2003), **the court hereby advises O'Neal of its intention to recharacterize his pleading as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.** The court **cautions** O'Neal that such recharacterization

2

renders this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions.  Specifically, O'Neal is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[1]

In further compliance with the requirements of *Castro*, *supra*, it is

**ORDERED** that on or before March 22, 2010, O'Neal shall advise this court whether he seeks to do <u>one</u> of the following:

1.  Proceed before this court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion (Doc. No. 1);

2.  Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentences imposed upon him by this court; or

3.  Withdraw his motion.

O'Neal is CAUTIONED that if he fails to file a response in compliance with this order, which requires that he advise the court that he wishes to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the court considering only

---

[1]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6.  Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

3

those claims presented in his original motion (Doc. No. 1).[2]

Done this 26th day of February, 2010.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2]O'Neal is advised that the Supreme Court in *Castro* did not hold that a district court is prevented from recharacterizing a pro se petitioner's pleading as § 2255 motion without the petitioner's consent, only that it must first provide warnings of the impact of recharacterization and an opportunity to withdraw or amend the motion.