IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUINCY O'NEAL GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv149-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On February 16, 2010, federal inmate Quincy O'Neal Green ("Green"), acting *pro se*, filed what this court, after issuing Green the warnings required by *Castro v. United States*, 540 U.S. 375, 382-83 (2003), has construed to be a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. By his motion, Green challenges his guilty-plea conviction and the 80-month sentence entered against him by this court in 2007, for aiding and abetting another in uttering counterfeit U.S. currency in violation of 18 U.S.C. §§ 472 and 2. Green contends, among other things, that (1) his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005); the presentence investigation report in his case contained prejudicial errors; and (3) the sentence imposed by the court violated the terms of his plea agreement. (*See* Doc. No. 1; Doc. No. 1-Attachment 1; Doc. No. 6.)

The government argues that Green's motion is time-barred by the one-year limitation period applicable to § 2255 motions, *see* § 105 of the Antiterrorism and Effective Death

Penalty Act ("AEDPA").[1]  (Doc. No. 9.)  After due consideration of the pleadings and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Green's motion should be denied because it is time-barred by the one-year limitation period applicable to motions filed under 28 U.S.C. § 2255.

## II.  DISCUSSION

### A.  *Green's Motion Is Properly Construed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.*

Green's motion, which he styled as a "Writ of Error *Audita Querela*[,] Title 28 U.S.C. § 1651," contained a heading stating, "This Is Not a Motion Pursuant to Title 28 U.S.C. § 2255." (Doc. No. 1.)  Notwithstanding Green's characterization of his pleading, the claims he seeks to advance in attacking his conviction and sentence properly may be presented only in a 28 U.S.C. § 2255 motion.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).  Consequently, in compliance with the requirements of *Castro*, *supra*, this court advised Green of its intention to recharacterize his pleading as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 2.)  In further compliance with the requirements of *Castro*, this court directed Green to advise the court whether he wished to do one of the following:  (1) proceed before this court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

2

; (2) amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255; or (3) withdraw his motion. (*Id.*) Green was warned that if he failed to file a response in compliance with the court's order, the cause would proceed as an action under 28 U.S.C. § 2255 with the court considering only those claims presented in his original motion. (*Id.*)

Green filed a response to this court's order in which he insists, notwithstanding this court's instructions, that his motion must be construed as a petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 6.) He argues that because his plea agreement contained a waiver provision, whereby he relinquished his right to file a 28 U.S.C. § 2255 motion attacking his sentence, his present claims for relief are "not in fact cognizable under 28 U.S.C. § 2255" and, consequently, he is entitled to seek relief through a petition for a writ of *audita querela*. (Doc. No. 6 at 3.)

A writ of *audita querela* "is a slender reed upon which to lean." *United States v. Banda*, 1 F.3d 354, 357 (5th Cir. 1993). It is an ancient writ, long ago abolished in federal civil proceedings, *see* FED.R.CIV.P. 60(b) advisory committee note, and has questionable relevance to criminal sentences. *See United States v. Reyes*, 945 F.2d 862 (5th Cir. 1991); *United States v. Holder*, 936 F.3d 1 (1st Cir.1991). The writ of *audita querela* only potentially survives in the federal criminal context under the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954), and the All Writs Act, 28 U.S.C. § 1651, to fill in the gaps in the current system of post-conviction relief. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). "The All Writs

3

Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id*. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. *See Bradshaw*, *supra*, 86 F.3d at 166; *Broussard*, 643 F.2d at 1134. Thus, assuming the writ of *audita querela* is available "to fill in the gaps" in a criminal context, it is not available to challenge a sentence where the framework for such a challenge is provided in 28 U.S.C § 2255, because, in such a case, there is no gap to fill. *Banda*, 1 F.3d at 357; *Valdez-Pacheco*, 237 F.3d at 1080. Stated another way, a defendant may not use the writ of *audita querela* solely to circumvent the restrictions on filing § 2255 motions. *See Holt*, 417 F.3d at 1175 (holding "that a petition for writ of *audita querela* may not be granted when relief is cognizable under § 2255" and treating petition for writ of *audita querela* as successive § 2255 motion), cited in *United States v. Doyharzabal*, 329 Fed.Appx. 874, 875 (11th Cir. 2009); *see also United States v. Laury*, 334 Fed.Appx. 634, 635 (5th Cir. 2009) (in denying a petition for a writ of *audita querela*, stating "the fact that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable").

      Here, the fact that Green waived his right to file a § 2255 motion when pleading guilty does not render the § 2255 remedy unavailable such that he may instead resort to the writ of *audita querela* in order to circumvent the waiver provision in his plea agreement or, for that

4

matter, the procedural restrictions on filing § 2255 motions. Were the court to approve Green's argument that the effect of the waiver provision in his guilty plea is to entitle him to designate his pleading as a "petition for a writ of *audita querela*" when his pleading, in fact, seeks § 2255 relief, the waiver provision in his plea agreement would become meaningless. Even more significantly, under Green's argument, the one-year limitation period and the statutory provisions against filing successive § 2255 motions would likewise be rendered meaningless, as a petitioner could sidestep such procedural bars merely by designating any request for § 2255 relief as a "petition for a writ of *audita querela*." Green's argument is not well taken, and his pleading is properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[2]

### B.   *Limitation Period for Filing § 2255 Motions*

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year limitation period for filing § 2255 motions begins from the latest date of

>  (1)  the date on which the judgment of conviction becomes final;
>
>  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2]Moreover, the writ of *audita querela* is only available "to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose *after the judgment was issued*." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007) (emphasis added); *see also United States v. LaPlante*, 57 3d 252, 253 (2d Cir. 1995). Green's claims for relief – including his claims alleging *Booker* error in his sentence – were available to him at the time of his August 1, 2007, sentencing.

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and court records reflect that Green was convicted under a guilty plea entered on April 16, 2007, and that he was sentenced on August 1, 2007. (Doc. No. 9 at 1-2.) The district court entered its judgment against Green on August 9, 2007. (*Id*. at 3.) Green appealed to the Eleventh Circuit, and on January 30, 2008, the appellate court issued a Mandate and Order of Dismissal dismissing Green's appeal. (*Id*. at 2.) Green did not seek certiorari review in the Supreme Court. By operation of law, then, Green's conviction became final on April 29, 2008, upon expiration of the time for him to seek certiorari review.[3] Thus, Green had until April 29, 2009, to file a timely § 2255 motion. The instant motion, however, was not filed until February 16, 2010, well after expiration of the one-year limitation period.[4]

## C.     *Statutory Exceptions to Limitation Period*

Green does not demonstrate that any of the exceptions specified in 28 U.S.C. § 2255

---

[3]When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

[4]Green represents that he signed his original pleading on February 16, 2010. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

¶ 6 (2)-(4) apply in his case such that the one-year limitation period started to run at some time after "the date on which the judgment of conviction bec[ame] final," § 2255 ¶ 6 (1). Specifically, there is no indication that a governmental action prevented Green from filing a timely § 2255 motion. *See* § 2255 ¶ 6 (2). Moreover, Green's claims do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶ 6 (3). Finally, Green does not submit any grounds for relief that could not have been put forth earlier under the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6 (4).

D.    *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in § 2255 ¶ 6 (2)-(4) when "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). Green, however, has not alleged the existence of any extraordinary circumstances that would entitle him to equitable tolling of the limitation period. That being so, Green's § 2255 motion is time-barred, and it is unnecessary to address the merits of the claims presented in his

motion.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to vacate pursuant to 28 U.S.C. § 2255 be denied as untimely and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 9, 2010.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 26th day of July, 2010.

                                            /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE